# Bredlinger's Appeal.

1. A direction in a will to sell the testator's personal as well as real property, and divide the *income* among his five children, meant the proceeds of the sale of the property, and did not include notes, bonds, and mortgages.

APPEAL by Jacob Bredlinger and others, from the decree of the Orphans' Court of *Montgomery county*.

*Krause*, for appellant.

————, for appellee.

The facts of the case are sufficiently stated in the opinion of the court, by

KNOX, J.—This case is governed by *Hunter's Appeal*, 6 Barr, 97. There the direction was to sell at public sale, all of the testator's estate, real and personal, the fund to be created by said sale, to be divided amongst certain devisees. This was held not to include bonds, notes, and cash on hand. Here the language of the will is, "my personal as well as real property, to be sold publicly, and the income shall be equally divided amongst my five yet living children." By the word income, the testator evidently meant product, but it is the product of the sale which is to be divided, without including what was not to be sold, notes, bonds, and money.

That there was a residuary legatee in *Hunter's Appeal*, can make no difference, for though the inclination of courts is to prevent intestacy, yet where it clearly appears that the words of the will do not cover the entire estate, they cannot be enlarged for construction.

The auditor and Court of Common Pleas were right in decreeing the amount raised from the notes and bonds, together with the money on hand at the testator's death, for general distribution.

              Decree affirmed at the costs of the appellants.